IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOEY COTTEN                                                         PLAINTIFF

v.                                                  Civil Action No. 3:24-cv-0324-GHD-RP

RAPHAEL MCCLAIN, In His Individual Capacity              DEFENDANT

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the Plaintiff's motion for default judgment against the Defendant in this civil rights dispute [10]. Upon due consideration, the Court finds that the motion should be granted and that this matter shall proceed to a hearing to determine the appropriate amount of damages.

On October 10, 2024, the Plaintiff filed a complaint against the Defendant, asserting claims for civil rights violations under the First and Fourth Amendments, and seeking compensatory and other damages [1]. On January 3, 2025, the Defendant was served with process [7], but has failed to plead or otherwise defend this action. On January 31, 2025, the Clerk of Court entered an Entry of Default [9]. The Plaintiff has now filed the present Motion for Default Judgment, to which the Defendant has failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana*, No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)). First, a default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a);

*New York Life Ins.*, 84 F.3d at 141). Next, the clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.*, 84 F.3d at 141). Third, after an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)). The Plaintiff in the case *sub judice* has met these requirements.

Because the Defendant has failed to timely answer or otherwise plead in the instant litigation, the well-pleaded allegations in the Complaint are taken as admitted and a default judgment in the Plaintiff's favor is warranted. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *CENTRIA v. Alply Architectural Bldg. Sys., LLC,* No. 4:11–CV–79–CWR–LRA, 2012 WL 73235, at *4 (S.D. Miss. Jan. 10, 2012) (citation omitted).

A separate hearing must be held to determine the amount of damages for which the Defendant is liable. Fed. R. Civ. P. 55(b). At the hearing, the Plaintiff will be permitted to present evidence on the claims as well as the damages he alleges he suffered because of the Defendant's conduct. *See* Fed. R. Civ. P. 55(b)(2).

THEREFORE, it is hereby ORDERED that the Plaintiff's Motion for Default Judgment [10] is granted. The Court will defer entering final judgment until the Court receives and considers the Plaintiff's evidence on damages at an evidentiary hearing. The Court will issue a Notice setting an evidentiary hearing date in the near future.

SO ORDERED, this, 10th day of March, 2025.

_____
SENIOR U.S. DISTRICT JUDGE

2